# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| JEREMY D.,[1] | ) | No. 19 CV 50010 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy D. brings this action under 42 U.S.C. § 405(g) seeking remand of the decision denying him social security benefits. For the reasons below, Plaintiff's motion for summary judgment is granted in part and denied in part, the Commissioner's motion for summary judgment is denied, and the case is remanded for proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff filed an application for disability benefits and an application for Title XVI supplemental social security income on January 27, 2016,[2] alleging disability caused by manic depression, post-traumatic stress disorder ("PTSD"), bipolar disorder, and anxiety. R. 13, 304, 307-08. He alleged a December 3, 2015, onset date and that he stopped working because of his impairments on January 7, 2016. R 308. On November 15, 2017, Plaintiff, represented by counsel,[3] appeared for a hearing before an Administrative Law Judge ("ALJ"). He was then 36

---

[1] Plaintiff's last name has been redacted in accordance with Internal Operating Procedure 22.
[2] Plaintiff filed a different application which was denied on July 20, 2012 and is not the subject of this appeal. R. 110-19.
[3] Plaintiff's counsel in this appeal represented Plaintiff at the administrative level. However, a different attorney from Plaintiff's counsel's firm represented Plaintiff at the hearing. R. 13.

years old. R. 13, 304. At the hearing, he testified about his depression and anxiety, scattered work history, daily activities, and limitations caused by his mental issues and treatment. R. 78-96.

After the hearing, the ALJ followed the five-step evaluation process set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and found that the Plaintiff was not disabled. The ALJ specifically found the following: (1) at Step One, that Plaintiff had not engaged in any substantial gainful activity since his alleged onset date of December 3, 2015, R. 15; (2) at Step Two, that Plaintiff had "the following severe impairments: bipolar disorder and post-traumatic stress disorder," R. 16; (3) at Step Three, that Plaintiff did not have an impairment or combination of impairments that met or equaled any listed impairment, R. 16-17; (4) that Plaintiff had the residual functional capacity to perform the full range of work at all exertional levels but had moderate limitations in concentration, persistence, and pace, can understand, remember, and carry out simple, routine, and repetitive tasks, and use judgment to make simple work-related decisions, that he was unable to complete coordinated and tandem tasks with coworkers, and limited him to brief and superficial interaction with the public, and limited interaction with supervisors and coworkers, R. 19; (5) at Step Four, that Plaintiff could not perform his past relevant work, R. 24; and (6) at Step 5, that jobs exist in the national economy that Plaintiff could perform, including dishwasher (DOT 318.687-010), janitor (DOT 381.687-018), and order picker (DOT 922.687-058).

## II. STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the Commissioner [], with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). The Commissioner's denial of disability is conclusive when supported by substantial evidence.

*Id.*; *Skinner v. Astrue*, 487 F.3d 836, 841 (7th Cir. 2007). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court may not displace the ALJ's judgment by reconsidering facts and evidence, reweighing evidence, or by making independent credibility determinations. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008); *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Similarly, even if reasonable minds could differ on whether a claimant is disabled, a reviewing court must affirm the ALJ's decision if it is adequately supported. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009).

However, review of an ALJ's decision is not a rubber stamp of approval. *Biestek*, 139 S. Ct. at 1154 ("mere scintilla" not substantial evidence). The court must critically review the ALJ's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). The ALJ's conclusion will not be affirmed where he fails to build a logical bridge between the evidence and his conclusion, even if evidence exists in the record to support that conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (where opinion is "so poorly articulated as to prevent meaningful review" the case must be remanded). Additionally, courts may not build a logical bridge for the ALJ. *Mason v. Colvin*, 13 CV 2993, 2014 U.S. Dist. LEXIS 152938, at *19-20 (N.D. Ill. Oct. 29, 2014).

### III. ANALYSIS

Plaintiff argues the ALJ erred when denying him benefits by: (1) denying his pre-hearing request that the vocational expert produce the information she used to make her opinion; (2) erroneously incorporating Plaintiff's mental impairments into his RFC; (3) failing to accommodate for his obesity; (4) improperly evaluating his subjective complaints; and (5) failing

3

to adequately explain the weight she gave to his treating physician's opinion. *See* Dkt. 14. However, the Court addresses only the last of these arguments because it is sufficient to warrant remand.

Plaintiff argues the ALJ erred when weighing the opinions from his treating psychiatrist Dr. Maxim Chasanov, and the Court agrees. Dkt. 14 at 17. For all disability claims filed before March 27, 2017, the ALJ must evaluate a claimant's treating physician opinion in two steps. First, the treating physician's opinion is entitled to "controlling weight" if it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) is not inconsistent with substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). Second, if the ALJ finds a treating physician's opinion is not entitled to controlling weight, she may not simply disregard it, but must instead move to step two of the analysis and determine what weight to afford the opinion in light of the checklist factors in 20 C.F.R. § 404.1527(c)(2), including: (1) the nature of the examining relationship, (2) the length of the treating relationship, (3) whether the medical evidence supports the opinion, (4) whether the opinion is consistent with the record, (5) the physician's specialization, and (6) any other factors that relate to the opinion. This Court has explained its view on numerous occasions that the ALJ's failure to explicitly address these factors is error and that the ALJ must explain her reasoning rather than simply state she has considered the checklist factors. *Nash v. Colvin*, No. 15 CV 50019, 2016 U.S. Dist. LEXIS 124616, at *15-16 (N.D. Ill. Sept. 14, 2016; *Duran v. Colvin*, No. 13 CV 50316, 2015 U.S. Dist. LEXIS 101352, at *23-33 (N.D. Ill. Aug. 4, 2015); *Edmonson v. Colvin*, No. 14 CV 50135, 2016 U.S. Dist. LEXIS 32019, at *15-24 (N.D. Ill. Mar. 14, 2016).

In this case, the ALJ summarized the medical record and concluded Plaintiff's subjective complaints were inconsistent with the medical evidence. R. 19-22. After citing 20 C.F.R. §

404.1527, the ALJ then noted the two opinions offered by Dr. Chasanov (one from March 2011 and one from June 2012) before assigning them "little weight." R. 23. The ALJ's rationale for her weight determination entirely consists of the following sentence: "The undersigned affords little weight to this opinion because it is inconsistent with the general pattern of evidence contained in the hearing level record." R. 23.

The ALJ failed to even mention or discuss the first step of the two-step treating physician analysis, and therefore gave no reasoning for why she ALJ declined to give controlling weight to Dr. Chasanov's opinions. And although she offered one reason at the second step of the analysis for assigning little weight to the opinions, her analysis is inadequate for multiple reasons. First, the ALJ explicitly discussed only one of the checklist factors in 20 C.F.R. § 404.1527(c)(2). *See Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Nash*, 2016 U.S. Dist. LEXIS 124616, at *16-17. Some of the checklist factors seemingly cut against the ALJ's weight determination. For instance, Dr. Chasanov has personally examined Plaintiff on many occasions,[4] treated Plaintiff over a 5-6 year period (R. 630), and specializes in psychiatry, yet there is no indication the ALJ considered these facts when weighing the opinions beyond her recognition that Dr. Chasanov is one of Plaintiff's treating physicians and her previous summary of the medical record. R. 21-23.

Second and relatedly, though the ALJ explicitly mentions one of the checklist factors, consistency, she provides no examples or analysis to explain how Dr. Chasanov's opinions are inconsistent with "the general pattern of evidence" in the medical record. Instead, she merely describes the medical evidence and Dr. Chasanov's opinions, concludes that the opinions are inconsistent with the medical evidence, and leaves it to the reader to discern how they are

---

[4] By the Court's count, Dr. Chavanov's medical notes reflect nine visits between August of 2009 and March of 2011 (R. 456-75) and six visits between March of 2015 and November of 2015 (R. 662-80).

inconsistent. R. 21-23. This is error. The Court is not permitted to build the logical bridge between the medical evidence and the ALJ's conclusion that it is inconsistent with Dr. Chasanov's opinions. *See, e.g.*, *Fox v. Berryhill*, No. 15 C 8543, 2017 U.S. Dist. LEXIS 26765, at *16 (N.D. Ill. Feb. 27, 2017).

The Commissioner argues that the ALJ reasonably concluded that Dr. Chasanov's opinion is inconsistent with the evidence discussed previously in her opinion. Dkt. 21 at 9-10 (citing R. 21-23). To the extent the Commissioner argues the ALJ's mere recitation of the medical evidence ameliorates the ALJ's failure to explain how Dr. Chasanov's opinions are inconsistent with that record, the argument is meritless. The ALJ may not describe the medical evidence and state that it is generally inconsistent with Dr. Chasanov's opinions without explaining how she arrived at that conclusion, even if evidence in the record exists to support that conclusion. *See Berger*, 516 F.3d at 544; *Fox*, 2017 U.S. Dist. LEXIS 26765, at *16; *Edmonson*, 2016 U.S. Dist. LEXIS 32019, at *19-20. A summary of the medical evidence is not an analysis. It is up to the ALJ, rather than this Court, to connect the dots between the evidence and her conclusions based on that evidence.

In the Court's view, there is evidence in the record that could support the ALJ's assertion that Plaintiff's treating physician's opinion is inconsistent with other evidence in the record. However, this does not detract from the ALJ's obligation to minimally explain her reasoning and tie the medical evidence to that conclusion on her own. On remand, the ALJ must evaluate the medical evidence according to the requirements of the treating physician rule, explain her reasoning when weighing Dr. Chasanov's opinions, and build a logical bridge to any conclusions regarding those opinions and Plaintiff's alleged disability. The Court takes no position on Plaintiff's remaining arguments.

## IV. CONCLUSION

For those reasons, the Commissioner's motion for summary judgment is denied, Plaintiff's motion for summary judgment is granted, and this case is remanded for proceedings consistent with this opinion.

Date: February 14, 2020　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge